J.S83001/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ROBERT ALLEN BENNEY, | : | |
| | : | |
| Appellant | : | No. 680 WDA 2015 |

Appeal from the PCRA Order June 6, 2014
in the Court of Common Pleas of Washington County
Criminal Division at No(s): CP-63-CR-0001104-2008

BEFORE:    FORD ELLIOTT, P.J.E., SHOGAN, and STRASSBURGER,* JJ.

CONCURRING MEMORANDUM BY STRASSBURGER, J.:**FILED FEBRUARY 08, 2017**

I agree with the Majority that the order dismissing Appellant's PCRA petition should be affirmed.  I write separately because I respectfully disagree with the Majority's reasoning regarding the claim of ineffective assistance of counsel concerning counsel's failure to object to the bolstering testimony of Sergeant Luppino.

Sergeant Luppino's testimony, reproduced in the Majority Memorandum at 13-14, was that he had no doubt that Appellant was the person in the victim's home with Kevin Partozoti when the crimes were committed.  Such testimony was not "'limited to what he observed … or to other facts derived exclusively from [a] particular investigation.'"  ***Id.*** at 14 (quoting ***Commonwealth v. Huggins***, 68 A.3d 962, 969 (Pa. Super. 2013)).  Rather, Sergeant Luppino essentially opined to the jury that he was

*Retired Senior Judge assigned to the Superior Court.

absolutely certain that Appellant was guilty of raping and otherwise abusing the victim. Upon this record, I would not hold that there is no arguable merit to Appellant's claim that counsel was ineffective in failing to object to that testimony.

Instead, I would hold that the claim fails for lack of prejudice, because Appellant has not met his burden of showing that the outcome of the proceeding would have been different had counsel objected. *See*, *e.g.*, *Commonwealth v. Spotz*, 84 A.3d 294, 315 (Pa. 2014) ("[A] defendant [raising a claim of ineffective assistance of counsel] is required to show actual prejudice[.] … [This] requires the defendant to show that counsel's conduct had an actual adverse effect on the outcome of the proceedings." (internal quotation marks and citation omitted)).